UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

IN RE:

JUAN RIVERA                                              Case No. 9:15-bk-08721-FMD
                                                         Chapter 13

       Debtor.
_____/

## MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE

COMES NOW a Party in Interest, WJS BONDING, LLC, by and through its undersigned counsel, and moves the Court to dismiss this Chapter 13 case pursuant to 11 U.S.C § 1307 and applicable case law as a bad faith filing by the Debtor and states as follows:

1.  On August, 27 2015, the Debtor filed a petition under Chapter 13.

2.  On April 28, 2015 the Circuit Court for the 20th Judicial Circuit entered a **consent** Final Judgment of foreclosure concerning a residence owned by the Debtor. A copy is attached. The consent judgment provided to the Debtor an extended sale date (120 days) and set the foreclosure sale for August 27, 2015. Pursuant to Florida law a foreclosure sale is normally scheduled within 35 days of the date of the foreclosure judgment (Florida Statutes § 45.031).

3.  On August 27, 2015, less than one hour before scheduled 9:00 a.m. foreclosure sale, the Debtor filed his petition. The Debtor did not file notice of the bankruptcy filing in the state court foreclosure action.

4.  On August 27, 2015 WJS Bonding, LLC, as a Third Party Bidder, purchased the property at the foreclosure sale. WJS Bonding, LLC purchased the property without notice of the Debtor's bankruptcy petition or the automatic stay.

5.  At the time the Debtor filed his bankruptcy petition, the Debtor was delinquent in payment of his mortgage payments since March 1, 2011. Pursuant to the terms of the final judgment the Debtor owed his mortgage holder $428,089.78 plus interest.

6.	On September 9, 2015, the Lee County Clerk issued a certificate of title to WJS Bonding, LLC. The certificate was recorded in the Public Records of Lee County as Instrument # 2015000198875.  A copy is attached. The Debtor failed to file notice of his bankruptcy filing in the state court foreclosure action prior to the issuance of the certificate of title.

7.	Based upon the totality of the circumstances, Debtor filed the Chapter 13 bankruptcy petition in bad faith.   The petition was filed purely for the purpose of delay.

8.	Even if reorganization was beneficial to the Debtor, such a prospect does not override the need to quash a bad faith filing. In re Phoenix Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1988).

9.	In determining whether there was a bad faith filing the court may consider "any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provision' or…'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" Id. *citing* In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984).

10.	In addition to filing the Chapter 13 petition the morning of and less than one hour prior to the foreclosure sale, the Debtor's filing was deficient because he failed to filed the following: 1) a Chapter 13 Plan; 2) Schedules A-J; 3) Statement of Financial Affairs; and 4) Statement of Current Monthly Income.

11.	The Debtor's failure to file the above-required documents and to cure the deficiencies led to the initial dismissal of the case. The Court subsequently reinstated the case pursuant to the Debtor's request for reconsideration.

12.	The Debtor's petition discloses only one creditor, Wells Fargo Bank, N.A., which held the mortgage to the foreclosed property.  The Debtor lists no other creditors in his petition, including any general, unsecured creditors. This is clearly a two-party dispute which should be resolved in state court.

13. The Debtor lacks any equity in the subject property. Debtor owes in excess of $428,000.00 on property that according to Debtor's schedules is worth only $220,000.00. Thus the property is not necessary to a successful reorganization, and this single-debt bankruptcy as a whole is better suited for resolution through the foreclosure case.

WHEREFORE, WJS Bonding, LLC, moves the Court to enter an Order dismissing the above-styled bankruptcy case based upon the Debtor's bad faith filing and for other and further relief as is appropriate.

*Certificate of Service*

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically via the Court's CM/ECF system to W. Justin Cottrell and Jon Waage and by regular U.S. Mail to Juan Rivera, 6717 Garland Street, Fort Myers, FL 33966 on October 1, 2015.

        ROBERT E. TARDIF JR., P.A.
        Post Office Box 2140
        Fort Myers, Florida 33902
        Telephone: 239/362-2755
        Facsimile: 239/334-2756
        Email: rtardif@comcast.net

        By: /s/ Robert E. Tardif Jr.
            Robert E. Tardif Jr.
            Florida Bar No. 818704



IN THE CIRCUIT COURT OF THE TWENTIETH
JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE NO.: 36-2012-CA-053633

WELLS FARGO BANK, N.A.,

Plaintiff,

VS.

JUAN RIVERA; JULIA RIVERA; SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER, INC. DBA SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER; STATE OF FLORIDA, DEPARTMENT OF REVENUE ON BEHALF OF SMIRNA KEILA REYE; TEAM HEALTH, INC.; STATE OF FLORIDA; NORTHBROOK PROPERTY OWNERS ASSOCIATION, INC.; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS,

Defendant(s).

_____/

**FILED**

APR 28 2015

LINDA DOGGETT, CLERK
CIRCUIT/COUNTY COURTS
BY_____D.C.

## CONSENT FINAL JUDGMENT

THIS ACTION was heard before the Court at Non-Jury Trial on April 28, 2015. On the evidence presented,

IT IS ADJUDGED THAT:

1. Plaintiff, WELLS FARGO BANK, N.A. is due:

| | |
|---|---:|
| Principal | $319,271.09 |
| Interest from 2/01/2011 through 4/28/2015 | $93,480.45 |
| Pre Acceleration Late Charges | $1,095.18 |
| Escrow Advances | $3,753.26 |

| | | |
|---|---|---:|
| Flat Rate Attorney's fees | $2,800.00 | |
| Litigated Attorney's fees | $2,100.00 | |
| Finding as to reasonable number of hours (12 hours) | | |
| Finding as to reasonable hourly rate ($175.00/hour) | | |
| Trial Attorney's fees | $2,450.00 | |
| Finding as to reasonable number of hours (14 hours) | | |
| Finding as to reasonable hourly rate ($175.00/hour) | | |
| Attorney's fees total | | $7,350.00 |

| | | |
|---|---|---:|
| Court costs (Title/Lien Search, Clerk's Filing Fee, Service) | | $3,129.80 |
|     Filing Fee | $1,987.50 | |
|     Service of Process | $712.90 | |
|     Skip Trace Search | $95.40 | |
|     Title Search Expenses | $325.00 | |
|     Lis Pendens | $9.00 | |

| | |
|---|---:|
| Other | $10.00 |
| **Subtotal:** | **$428,089.78** |
| LESS: Escrow Balance | $ |
| LESS: Other | $ |
| **TOTAL** | **$428,089.78** |

That shall bear interest at the rate of <u>4.75</u>% a year.

2. Plaintiff holds a lien for the total sum superior to all claims or estates of Defendant(s), JUAN RIVERA; JULIA RIVERA; SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER, INC. DBA SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER; STATE OF FLORIDA, DEPARTMENT OF REVENUE ON BEHALF OF SMIRNA

KEILA REYE; TEAM HEALTH, INC.; STATE OF FLORIDA; NORTHBROOK PROPERTY OWNERS ASSOCIATION, INC., on the following described property in Lee County, Florida and described as:

**LOT 15 AND 16, BLOCK 23, FLORIMOND MANOR, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 7, PAGE 6, OF THE PUBLIC RECORDS OF LEE COUNTY, FLORIDA.**

**Property Address: 6717 GARLAND STREET, FORT MYERS, FLORIDA 33912**

3. If the total sum with interest at the rate described in Paragraph 1 and all costs accrued subsequent to the Judgment are not paid, the Clerk of this Court shall sell the property at public sale **(NO SOONER THAN 120 days)** on the _27_ day of _August_, 20_15_, to the highest bidder for cash, except as prescribed in Paragraph 4, ~~at the courthouse located at 2075 Dr. Martin Luther King Jr. Blvd., Ft. Myers, FL 33901 in Lee County, Florida,~~ in accordance with section 45.031, Florida Statues, using the following method (CHECK ONE):

- o At _____ beginning at _____ on the prescribed date.

- ● By electronic sale beginning at _____ on the prescribed date at ___*Beginning 9:00 AM at www.lee.realforeclose.com___ in accordance with chapter 45 Florida Statutes.

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the Certificate of Title. If Plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to plaintiff, less the item paid, plus interest at the rate prescribed in Paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

6. If applicable, Plaintiff, its successors or assigns, is entitled to safe harbor under F.S. 720 or 718, respectively, and as such is only responsible to pay 1% of the subject mortgage or one (1) year of regular periodic assessments, at the time Certificate of Title is issued vesting title to Plaintiff, its successors or assigns. Plaintiff, including its successors and assigns, is not responsible for interest, late fees, collection costs or attorney's fees incurred prior to the issuance of the certificate of title.

7. On filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the notice of Lis Pendens shall be foreclosed of all estate or claim in property, except as to claims or rights under chapter 718 or chapter 720, Florida Statues, if any. Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property. If any Defendant remains in possession of the property, the clerk shall without further order of the Court issue forthwith a Writ of Possession upon request of the person named on the Certificate of Title. However, Court is bound to protect the rights of tenant(s) under Federal "Protecting Tenants at Foreclosure Act of 2009".

8. The Plaintiff may assign the Judgment and credit bid by the filing of an assignment prior to the issuance of the Certificate of Title without further order of the Court.

9. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, and orders relating to supplemental proceedings to address any omitted parties who may possess an interest in the property. Jurisdiction of this action is further retained to allow Plaintiff to file post-judgment motions seeking a determination on the amounts of assessments due to any Associations under §718.116 and §720.3085, Fla. Stat.

10. Plaintiff agrees to waive its right to pursue a deficiency judgment against Defendant(s) on this loan.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR YOUR COUNTY WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

| Charlotte County Clerk of Court | Collier County Clerk of Court |
|---|---|
| Charlotte County Justice Center<br>350 East Marion Avenue<br>Punta Gorda, FL 33950<br>(941) 637-2238<br>www.co.charlotte.fl.us | 3315 Tamiami Trail East<br>3rd Floor, Annex Building<br>Naples, FL 34112<br>(239) 252-2657<br>www.collierclerk.com |
| **Glades County Clerk of Court** | **Hendry County Clerk of Court** | **Lee County Clerk of Court** |

| 500 Avenue J<br>Room 102<br>Moore Haven, FL 33471<br>(863) 846-6010<br>www.gladesclerk.com | 25 Hickpochee Avenue<br>LaBelle, FL 33935<br>(863) 675-5206<br>www.hendryclerk.org | 1700 Monroe Street<br>Civil Division, 2nd Floor<br>Ft. Myers, FL 33901<br>(239) 533-5000<br>www.leeclerk.org |
|---|---|---|

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LOCAL LEGAL SERVICES LISTED BELOW TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT ONE OF THE SERVICES LISTED BELOW, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

| Charlotte County | Collier County |
|---|---|
| **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Florida Rural Legal Services**<br>Punta Gorda, FL<br>(941) 505-9007<br>www.frls.org | **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Florida Rural Legal Services**<br>Immokalee, FL<br>(239) 657-3681<br>www.frls.org<br>**Legal Aid Society of Collier County, Inc.**<br>Immokalee, FL<br>(239) 657-7442<br>**Legal Aid Society of Collier County, Inc.**<br>Naples, FL<br>(239) 775-4555 |

| Glades County | Hendry County | Lee County |
|---|---|---|
| **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Florida Rural Legal Services**<br>Immokalee, FL<br>(239) 657-3681<br>www.frls.org | **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Belle Glade, FL<br>(561) 993-0003<br>www.frls.org<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Florida Rural Legal Services**<br>Immokalee, FL<br>(239) 657-3681<br>www.frls.org | **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Lee County Legal Aid Society, Inc.**<br>Fort Myers, FL<br>(239) 334-6118 |

**DONE AND ORDERED** in Ft. Myers, Lee County, Florida, this _28_ day of _April_, 20_15_.

_James R Thompson_
Circuit Court Judge

**Copies Furnished to:**

**ALDRIDGE | CONNORS, LLP**
Attorney for Plaintiff
1615 South Congress Avenue
Suite 200
Delray Beach, FL 33445
Primary E-Mail: ServiceMail@aclawllp.com
[FAX: Aldridge Connors @1-561-**392-6965**]

Juan Rivera & Julia Rivera
c/o Carlos D. Grande, Esq.
Advocate Law Groups of Florida, P.A.
15100 NW 67th Avenue, Suite 210
Miami Lakes, FL 33014
service@algof.com

State of Florida
c/o Mark S. Dunn
Assistant Attorney General
The Capitol, Suite PL-01
Tallahasse, FL 32399-1050
oag.foreclose.eserve@myfloridalegal.com
Southwest Florida Regional Medical Center, Inc. dba Southwest Florida
Regional Medial Center
c/o CT Corporation
1200 South Pine Island Road
Plantation, FL 33324

Team Health, Inc.
c/o Carla Lohi, Authorized to Accept Service
1201 Hays Street
Tallahassee, Florida 32301-2525

Northbrook Property Owners Association, Inc.
Charles E. Mayhugh, Jr., Registered Agent
1919-15 Courtney Dr.
Ft Myers, FL 33901

State of Florida Department of Revenue on Behalf of Smirna Keila Reye
c/o Clerk of Court, Lee County Florida
1700 Monroe Street
Ft. Myers, FL 33901

APR 3 0 2015

LINDA DOGGETT, CLERK, CIRCUIT COURT
BY  T. CLINE D.C.



$202,200.00
$1,415.40

IN THE CIRCUIT/COUNTY COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA
CIVIL ACTION

WELLS FARGO BANK NA
   Plaintiff
vs
RIVERA, JUAN ET AL
   Defendant

**FILED**

SEP - 9 2015

Linda Doggett, Clerk Circuit
Court Lee County, Florida

Case No. **12-CA-053633**

### CERTIFICATE OF TITLE

The undersigned clerk of the court certifies that he or she executed and filed a certificate of sale in this action on August 27, 2015 for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following real property in Lee County, Florida:

**LOT 15 AND 16, BLOCK 23, FLORIMOND MANOR, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 7, PAGE 6, OF THE PUBLIC RECORDS OF LEE COUNTY, FLORIDA.**

**Property Address: 6717 GARLAND STREET, FORT MYERS, FLORIDA 33912**

Was sold to:    WJS BONDING LLC
Whose address is:    13650 Fiddlesticks Box 202-387
                     FORT MYERS, FL 33912

WITNESS my hand and the seal of the court on    SEP - 9 2015

LINDA DOGGETT, Clerk of Court

Copies furnished to all parties
LINDA DOGGETT, Clerk of Court

By: