UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

IN RE:

JUAN RIVERA                                              Case No. 9:15-bk-08721-FMD
                                                         Chapter 13
        Debtor.
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY A PARTY IN INTEREST, WJS BONDING, LLC

COMES NOW a Party in Interest, WJS BONDING, LLC, and moves this Court for entry of an order, pursuant to Section 362(d), granting relief from the automatic stay by specifically annulling the stay as of the date of filing of this case, thereby granting WJS retroactive relief from the sale to validate a foreclosure sale that occurred approximately one hour after the Debtor filed this case and states as follows:

1.      On August, 27 2015, Debtor, Juan Rivera filed a Petition under Chapter 13.

2.      On April 28, 2015 the Circuit Court for the 20th Judicial Circuit, Lee County entered a **Consent** Final Judgment of foreclosure concerning a residence owned by the Debtor described as follows: Lot 15 and 16, Block 23, Florimond Manor (6717 Garland Street, Fort Myers, Florida). A copy is attached.

---

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to or contained in this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602, and serve a copy on the Trustee, Robert E. Tardif Jr., Post Office Box 2140, Fort Myers, Florida 33902 and on the Assistant United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602.

If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing and may grant the relief requested.

---

3.      The consent Final Judgment provided to the Debtor an extended sale date (120 days) and the Judgment set the foreclosure sale for August 27, 2015. Pursuant to Florida law a foreclosure sale is normally scheduled within 35 days of the date of the foreclosure judgment (Florida Statutes § 45.031).

4. On August 27, 2015, less than one hour before scheduled 9:00 a.m. foreclosure sale, the Debtor filed his petition. The Debtor did not file notice of the bankruptcy filing in the state court foreclosure action.

5. On August 27, 2015 WJS Bonding, LLC, as a Third Party Bidder, purchased the property at the foreclosure sale. WJS Bonding, LLC purchased the property without notice of the Debtor's bankruptcy petition or the automatic stay.

6. At the time the Debtor filed his bankruptcy petition, the Debtor was delinquent in payment of his mortgage payments since March 1, 2011. Pursuant to the terms of the final judgment the Debtor owed his mortgage holder $428,089.78 plus interest.

7. On September 9, 2015, the Lee County Clerk issued a certificate of title to WJS Bonding, LLC. The certificate was recorded in the Public Records of Lee County as Instrument # 2015000198875. A copy is attached. The Debtor failed to file notice of his bankruptcy filing in the state court foreclosure action prior to the issuance of the certificate of title.

8. WJS Bonding, LLC requests that this Court annul the automatic stay or grant to WJS retroactive relief from the stay from the filing of the Debtor's petition. If WJS Bonding, LLC is not granted annulment of the stay, or retroactive relief from the stay it will suffer irreparable injury.

9. The Debtor filed the Chapter 13 bankruptcy petition in bad faith. The petition was filed purely for the purpose of delaying the state court foreclosure sale. WJS is simultaneously filing a Motion to Dismiss this bankruptcy case.

10. In addition to filing the Chapter 13 petition the morning of and less than one hour prior to the foreclosure sale, the Debtor's filing was deficient because he failed to filed the following: 1) a Chapter 13 Plan; 2) Schedules A-J; 3) Statement of Financial Affairs; and 4) Statement of Current Monthly Income.

11. The Debtor's failure to file the above-required documents and to cure the deficiencies led to the initial dismissal of the case. The Court subsequently reinstated the case pursuant to the Debtor's request for reconsideration.

12. The Debtor's petition discloses only one creditor, Wells Fargo Bank, N.A., which held the mortgage to the foreclosed property. The Debtor lists no other creditors in his petition, including any general, unsecured creditors. This is clearly a two-party dispute which should be resolved in state court.

13. The Debtor lacks any equity in the subject property. Debtor owes in excess of $428,000.00 on property that according to Debtor's schedules is worth only $220,000.00. Thus the property is not necessary to a successful reorganization. 11 U.S.C. § 362(d)(2).

14. Since the debt due the mortgage lender is the only debt owed by Debtor, the state court foreclosure action provides to the parties the best forum to determine the recourse to satisfy the debt owed. No unsecured creditors will be harmed by annulling the stay or granting to WJS Bonding, LLC, retroactive relief from the stay.

15. The Chapter 13 filing represents a last-minute, bad faith effort by the Debtor to prevent the sale of his foreclosed property. If the stay is not annulled or WJS Bonding, LLC, is not granted retroactive relief from the stay, Creditor Wells Fargo Bank, N.A. will be deprived of the money obtained through the foreclosure sale, and WJS Bonding, LLC will be deprived of the money invested in the property including Florida documentary stamps paid on the sale, eviction fees and expenses, electronic sale fees, interest expense on funds borrowed to purchase the property, attorney fees, and court costs.

WHEREFORE WJS Bonding, LLC, moves the Court pursuant to 11 U.S.C. § 362(d) to grant relief from the automatic stay by annulling and/or retroactively granting relief as of the commencement of this case or that WJS Bonding, LLC, be given adequate protection and have such other and further relief as is just.

*Certificate of Service*

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically via the Court's CM/ECF system to W. Justin Cottrell and Jon Waage and by regular U.S. Mail to Juan Rivera, 6717 Garland Street, Fort Myers, FL 33966 on October 1, 2015.

          ROBERT E. TARDIF JR., P.A.
          Post Office Box 2140
          Fort Myers, Florida 33902
          Telephone:  239/362-2755
          Facsimile:  239/334-2756
          Email: rtardif@comcast.net

          By:  / s / Robert E. Tardif Jr.
              Robert E. Tardif Jr.
              Florida Bar No. 818704

INSTR # 2015000092548, Doc Type JUD, Pages 8, Recorded 04/30/2015 at 03:35 PM,
Linda Doggett, Lee County Clerk of Circuit Court Deputy Clerk ERECORD



IN THE CIRCUIT COURT OF THE TWENTIETH
JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE NO.: 36-2012-CA-053633

WELLS FARGO BANK, N.A.,

Plaintiff,

VS.

JUAN RIVERA; JULIA RIVERA; SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER, INC. DBA SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER; STATE OF FLORIDA, DEPARTMENT OF REVENUE ON BEHALF OF SMIRNA KEILA REYE; TEAM HEALTH, INC.; STATE OF FLORIDA; NORTHBROOK PROPERTY OWNERS ASSOCIATION, INC.; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS,

Defendant(s).

_____/

FILED

APR 28 2015

LINDA DOGGETT, CLERK
CIRCUIT/COUNTY COURTS
BY_____D.C.

## CONSENT FINAL JUDGMENT

THIS ACTION was heard before the Court at Non-Jury Trial on April 28, 2015. On the evidence presented,

IT IS ADJUDGED THAT:

1. Plaintiff, WELLS FARGO BANK, N.A. is due:

| | |
|---|---|
| Principal | $319,271.09 |
| Interest from 2/01/2011 through 4/28/2015 | $93,480.45 |
| Pre Acceleration Late Charges | $1,095.18 |
| Escrow Advances | $3,753.26 |

| | | |
|---|---|---|
| Flat Rate Attorney's fees | $2,800.00 | |
| Litigated Attorney's fees | $2,100.00 | |
| Finding as to reasonable number of hours (12 hours) | | |
| Finding as to reasonable hourly rate ($175.00/hour) | | |
| Trial Attorney's fees | $2,450.00 | |
| Finding as to reasonable number of hours (14 hours) | | |
| Finding as to reasonable hourly rate ($175.00/hour) | | |
| Attorney's fees total | | $7,350.00 |

| | | |
|---|---|---|
| Court costs (Title/Lien Search, Clerk's Filing Fee, Service) | | $3,129.80 |
|     Filing Fee | $1,987.50 | |
|     Service of Process | $712.90 | |
|     Skip Trace Search | $95.40 | |
|     Title Search Expenses | $325.00 | |
|     Lis Pendens | $9.00 | |

| | |
|---|---|
| Other | $10.00 |
| **Subtotal:** | **$428,089.78** |
| LESS: Escrow Balance | $ |
| LESS: Other | $ |
| **TOTAL** | **$428,089.78** |

That shall bear interest at the rate of <u>4.75</u>% a year.

2. Plaintiff holds a lien for the total sum superior to all claims or estates of Defendant(s), JUAN RIVERA; JULIA RIVERA; SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER, INC. DBA SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER; STATE OF FLORIDA, DEPARTMENT OF REVENUE ON BEHALF OF SMIRNA

KEILA REYE; TEAM HEALTH, INC.; STATE OF FLORIDA; NORTHBROOK PROPERTY OWNERS ASSOCIATION, INC., on the following described property in Lee County, Florida and described as:

**LOT 15 AND 16, BLOCK 23, FLORIMOND MANOR, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 7, PAGE 6, OF THE PUBLIC RECORDS OF LEE COUNTY, FLORIDA.**

**Property Address: 6717 GARLAND STREET, FORT MYERS, FLORIDA 33912**

3. If the total sum with interest at the rate described in Paragraph 1 and all costs accrued subsequent to the Judgment are not paid, the Clerk of this Court shall sell the property at public sale **(NO SOONER THAN 120 days)** on the _27_ day of _August_, 20_15_, to the highest bidder for cash, except as prescribed in Paragraph 4, ~~at the courthouse located at 2075 Dr. Martin Luther King Jr Blvd., Ft. Myers, FL 33901 in Lee County, Florida,~~ in accordance with section 45.031, Florida Statues, using the following method (CHECK ONE):

   o   At _____ beginning at _____ on the prescribed date.

   ● By electronic sale beginning at _____ on the prescribed date at ___*Beginning 9:00 AM at www.lee.realforeclose.com in accordance with chapter 45 Florida Statutes___.

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the Certificate of Title. If Plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to plaintiff, less the item paid, plus interest at the rate prescribed in Paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

6. If applicable, Plaintiff, its successors or assigns, is entitled to safe harbor under F.S. 720 or 718, respectively, and as such is only responsible to pay 1% of the subject mortgage or one (1) year of regular periodic assessments, at the time Certificate of Title is issued vesting title to Plaintiff, its successors or assigns. Plaintiff, including its successors and assigns, is not responsible for interest, late fees, collection costs or attorney's fees incurred prior to the issuance of the certificate of title.

7. On filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the notice of Lis Pendens shall be foreclosed of all estate or claim in property, except as to claims or rights under chapter 718 or chapter 720, Florida Statues, if any. Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property. If any Defendant remains in possession of the property, the clerk shall without further order of the Court issue forthwith a Writ of Possession upon request of the person named on the Certificate of Title. However, Court is bound to protect the rights of tenant(s) under Federal "Protecting Tenants at Foreclosure Act of 2009".

8. The Plaintiff may assign the Judgment and credit bid by the filing of an assignment prior to the issuance of the Certificate of Title without further order of the Court.

9. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, and orders relating to supplemental proceedings to address any omitted parties who may possess an interest in the property. Jurisdiction of this action is further retained to allow Plaintiff to file post-judgment motions seeking a determination on the amounts of assessments due to any Associations under §718.116 and §720.3085, Fla. Stat.

10. Plaintiff agrees to waive its right to pursue a deficiency judgment against Defendant(s) on this loan.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR YOUR COUNTY WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

| **Charlotte County Clerk of Court** | **Collier County Clerk of Court** |
|---|---|
| Charlotte County Justice Center<br>350 East Marion Avenue<br>Punta Gorda, FL 33950<br>(941) 637-2238<br>www.co.charlotte.fl.us | 3315 Tamiami Trail East<br>3rd Floor, Annex Building<br>Naples, FL 34112<br>(239) 252-2657<br>www.collierclerk.com |
| **Glades County Clerk of Court** | **Hendry County Clerk of Court** / **Lee County Clerk of Court** |

| 500 Avenue J<br>Room 102<br>Moore Haven, FL 33471<br>(863) 846-6010<br>www.gladesclerk.com | 25 Hickpochee Avenue<br>LaBelle, FL 33935<br>(863) 675-5206<br>www.hendryclerk.org | 1700 Monroe Street<br>Civil Division, 2nd Floor<br>Ft. Myers, FL 33901<br>(239) 533-5000<br>www.leeclerk.org |
|---|---|---|

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LOCAL LEGAL SERVICES LISTED BELOW TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT ONE OF THE SERVICES LISTED BELOW, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

| Charlotte County | Collier County |
|---|---|
| **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Florida Rural Legal Services**<br>Punta Gorda, FL<br>(941) 505-9007<br>www.frls.org | **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Florida Rural Legal Services**<br>Immokalee, FL<br>(239) 657-3681<br>www.frls.org<br>**Legal Aid Society of Collier County, Inc.**<br>Immokalee, FL<br>(239) 657-7442<br>**Legal Aid Society of Collier County, Inc.**<br>Naples, FL<br>(239) 775-4555 |

| Glades County | Hendry County | Lee County |
|---|---|---|
| **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Florida Rural Legal Services**<br>Immokalee, FL<br>(239) 657-3681<br>www.frls.org | **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Belle Glade, FL<br>(561) 993-0003<br>www.frls.org<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Florida Rural Legal Services**<br>Immokalee, FL<br>(239) 657-3681<br>www.frls.org | **Florida Institutional Legal Services, Inc.**<br>Gainesville, FL<br>(352) 375-2494<br>fils@bellsouth.net<br>**Florida Justice Institute**<br>Miami, FL<br>(305) 358-2081<br>**Florida Rural Legal Services**<br>Fort Myers, FL<br>(239) 334-4554<br>www.frls.org<br>**Lee County Legal Aid Society, Inc.**<br>Fort Myers, FL<br>(239) 334-6118 |

**DONE AND ORDERED** in Ft. Myers, Lee County, Florida, this _28_ day of _April_, 20_15_.

_____
Circuit Court Judge

**Copies Furnished to:**

**ALDRIDGE | CONNORS, LLP**
Attorney for Plaintiff
1615 South Congress Avenue
Suite 200
Delray Beach, FL 33445
Primary E-Mail: ServiceMail@aclawllp.com
[FAX: Aldridge Connors @1-561-**392-6965**]

Juan Rivera & Julia Rivera
c/o Carlos D. Grande, Esq.
Advocate Law Groups of Florida, P.A.
15100 NW 67th Avenue, Suite 210
Miami Lakes, FL 33014
service@algof.com

State of Florida
c/o Mark S. Dunn
Assistant Attorney General
The Capitol, Suite PL-01
Tallahasse, FL 32399-1050
oag.foreclose.eserve@myfloridalegal.com
Southwest Florida Regional Medical Center, Inc. dba Southwest Florida
Regional Medial Center
c/o CT Corporation
1200 South Pine Island Road
Plantation, FL 33324

Team Health, Inc.
c/o Carla Lohi, Authorized to Accept Service
1201 Hays Street
Tallahassee, Florida 32301-2525

Northbrook Property Owners Association, Inc.
Charles E. Mayhugh, Jr., Registered Agent
1919-15 Courtney Dr.
Ft Myers, FL 33901

State of Florida Department of Revenue on Behalf of Smirna Keila Reye
c/o Clerk of Court, Lee County Florida
1700 Monroe Street
Ft. Myers, FL 33901

APR 3 0 2015

LINDA DOGGETT, CLERK, CIRCUIT COURT
BY  T. CLINE D.C.



$202,200.00
$1,415.40

IN THE CIRCUIT/COUNTY COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                                    CIVIL ACTION

WELLS FARGO BANK NA
   Plaintiff
vs
RIVERA, JUAN ET AL
   Defendant

**FILED**

SEP - 9 2015

Linda Doggett, Clerk Circuit
Court Lee County, Florida

Case No. **12-CA-053633**

### CERTIFICATE OF TITLE

The undersigned clerk of the court certifies that he or she executed and filed a certificate of sale in this action on August 27, 2015 for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following real property in Lee County, Florida:

**LOT 15 AND 16, BLOCK 23, FLORIMOND MANOR, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 7, PAGE 6, OF THE PUBLIC RECORDS OF LEE COUNTY, FLORIDA.**

**Property Address: 6717 GARLAND STREET, FORT MYERS, FLORIDA 33912**

Was sold to:    WJS BONDING LLC
Whose address is:    13650 Fiddlesticks Box 202-387
   FORT MYERS, FL 33912

WITNESS my hand and the seal of the court on    SEP - 9 2015

LINDA DOGGETT, Clerk of Court

Copies furnished to all parties
LINDA DOGGETT, Clerk of Court

By: